1   THE KARADAG LAW FIRM, PLLC
2   Yalcin Karadag (Texas Bar No. 24015046)
    yalcin@k-lawfirm.com
3   7706 Richmond Avenue
    Houston, Texas 77063
4   Telephone: 713.818.7401
5   Facsimile: 713.244.0606
6
    **LAW OFFICE OF PETER C. BRONSTEIN**
7   Peter C. Bronstein (CA Bar No. 153611)
8   2029 Century Park East
    19th Floor
9   Los Angeles, CA 90067
10  Telephone (310) 203-2249
    Facsimile (310) 203-2259
11  Email: Peterbronz@gmail.com
12  Attorneys for Defendants
13  GULF COAST VENTURES d/b/a UJ TOYS and
14  UJ TRADING, and Ibrahim Yuce.
15          UNITED STATES DISTRICT COURT
16          CENTRAL DISTRICT OF CALIFORNIA
17
18  VBConversions LLC, A California limited        CASE NO.  CV12-08265 DMG (AGRx)
19  liability company
20                      Plaintiff,               **DEFENDANT GULF COAST VENTURES,**
21  vs.                                          **INC. d/b/a UJ TOYS AND UJ TRADING**
                                                 **and IBRAHIM YUCE'S ANSWER TO**
22  GULF COAST VENTURES, INC., a Texas           **PLAINTIFF'S COMPLAINT**
23  Corporation d/b/a UJ Trading and
    UJToys.com; Bekir Alir, an individual; Emre  **[DEMAND FOR JURY TRIAL]**
24  Karakus, an individual; and Ibrahim Yuce, an
    individual; Does1-10, inclusive,
25                      Defendants.
26                                  Defendant.
27
28  Defendant GULF COAST VENTURES d/b/a UJ TOYS and UJ TRADING, and Ibrahim Yuce

Answer

- 1 -

## ANSWER

Defendants and Ibrahim Yuce ("Defendants"), as for their Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"), respectfully respond as follows:

### GENERAL DENIAL

Except where specifically admitted herein, Defendants deny each and every allegation of the Complaint.

### SUMMARY OF THE ACTION

1. Defendants deny the allegations of paragraph 1.

### JURISDICTION

2. Defendants admit that the court has federal subject matter jurisdiction over this matter. The remaining allegations of paragraph 2 are denied.

3. Defendants deny the allegations of paragraph 3.

4. The allegations of paragraph 4 are denied.

### PARTIES

5. Defendants deny the allegations of paragraph 5 for lack of sufficient information.

6. Defendants admit that Gulf Coast Ventures, Inc. dba UJ Trading and UJ Toys has its principal headquarters is at 10333-Harwin Dr. Suite 550, Houston, TX 77036. The remaining allegations of paragraph 6 are denied.

7. Defendants admit paragraph 7.

8. Defendants admit paragraph 8.

9. Defendants admit that Bekir Alir and Emre Karakus were employed by Gulf Coast Ventures Inc. Remaining allegations of paragraph 9 are denied.

### GENERAL ALLEGATIONS

10. Defendants deny the allegations of paragraph 10. Defendants specifically aver that the Plaintiff does not own a valid copyright or copyright registration for the software in question.

Defendants' Answer

-2-

1    Defendants deny the allegations of paragraph 11 for lack of sufficient information.

2    12.   Defendants deny the allegations of paragraph 12 for lack of sufficient information.

3    13.   Defendants deny the allegations of paragraph 13 for lack of sufficient information.

4    14.   Defendants deny the allegations of paragraph 14 for lack of sufficient information.

5    15.   Defendants deny the allegations of paragraph 15 for lack of sufficient information.

6    16.   Defendants deny the allegations of paragraph 16.

7    17.   Defendants deny the allegations of paragraph 17.

8    **FIRST CLAIM FOR RELIEF**

9    **Violation of 17 U.S.C§106(1) & 501, ET.SEQ., Copyright Infringement.**

10   18.   Defendants incorporate by reference its answers to paragraphs 1 through 17.

11   19.   The allegations of paragraph 19 are denied for lack of sufficient information to

12         justify a belief therein.

13   20.   The allegations of paragraph 20 are denied for lack of sufficient information to

14         justify a belief therein.

15   21.   The allegations of paragraph 21 are denied for lack of sufficient information to

16         justify a belief therein.

17   22.   The allegations of paragraph 22 are denied for lack of sufficient information to

18         justify a belief therein.

19   23.   The allegations of paragraph 23 are denied for lack of sufficient information to

20         justify a belief therein.

21   24.   The allegations of paragraph 24 are denied for lack of sufficient information to

22         justify a belief therein.

23   25.   The allegations of paragraph 25 are denied.

24   26.   The allegations of paragraph 26 are denied.

25   27.   The allegations of paragraph 27 are denied.

26   **SECOND CLAIM FOR RELIEF**

27   **Vicarious Copyright Infringement**

28   28.   Defendants incorporate by reference its answers to paragraphs 1 through 17.

Defendants' Answer

-3-

29. Defendants deny allegations of paragraph 29.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

**THIRD CLAIM FOR RELIEF: CONTRIBUTORY COPYRIGHT INFRINGEMETN**

32. Defendants incorporate by reference its answers to paragraphs 1 through 32.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

**FOURTH CLAIM FOR RELIEF:**

**Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1201 (a)).**

36. Defendants incorporate by reference its answers to paragraphs 1 through 36.

37. The allegations of paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38. The allegations of paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. The allegations of paragraph 41 are denied.

The Prayer for Relief does not contain any allegations. To the extent any response is required to any paragraph of Plaintiff's prayer for relief, including without limitation paragraphs A-F, Defendants deny paragraphs A through F of plaintiff's prayer for relief.

**AFFIRMATIVE DEFENSES**

Further answering the Complaint and as additional defenses thereto, Defendants assert the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state any claims upon which relief can be granted.

-4-

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable laws, codes, statutes, regulations, and Constitution of the United States of America.

**THIRD AFFIRMATIVE DEFENSE**

The claims for relief set forth in the Complaint are barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped by its own conduct from asserting the claims set forth in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has waived its right to seek the relief set forth in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

The claims for relief set forth in the Complaint are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants rely on any applicable statute of limitations as a bar to Plaintiff's claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in full or in part, because of Plaintiff's failure to mitigate said damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing, among other things, because of the failure to show ownership of copyright.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged copyrighted works lack the originality necessary for copyright protection.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged copyright is invalid under the Copyright Act.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in full or in part because of the failure to show a copyright registration for the allegedly infringed work.

-5-

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any alleged infringement by Defendants was innocent.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants' use constitutes fair use.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by its own inequitable conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants are not subject to personal jurisdiction in California.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Venue is improper. The appropriate venue or forum for this matter United States District Court for the Southern District of Texas pursuant to, without limitation, 28 U.S.C. § 1391; §1400 and §1404.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

1.     That the Complaint be dismissed in its entirety, with prejudice;

2.     That Plaintiff take nothing by way of its Complaint;

3.     That Defendants be awarded their costs, attorneys' fees and such other and further relief as may be just and proper.

DATED: December 4, 2012          **LAW OFFICE OF PETER C. BRONSTEIN**

By    /s/ Peter C Bronstein
_____
Peter C. Bronstein (CA Bar No. 153611)
Attorneys for Defendants
GULF COAST VENTURES d/b/a UJ TRADING
and UJ Toys and Ibrahim Ibrahim Yuce

**DEMAND FOR JURY TRIAL**

In accordance with Fed.R.Civ.P. 38(b), Defendants demand a trial by jury on all issues triable by a jury.

Defendant's Answer

-9-

1   DATED: December 4, 2012       LAW OFFICE OF PETER C.
2                                 BRONSTEIN
3
4                                 By /S/ Peter C. Bronstein
5                                 Peter C. Bronstein (CA Bar No. 153611)
6                                 Attorneys for Defendants
7                                 GULF COAST VENTURES d/b/a UJ
    TRADING and UJ Toys and Ibrahim Yuce
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I am a resident of United States. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, 19th Floor, Los Angeles, CA 90067.

On December 4, 2012, I served the foregoing document described as ANSWER, on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Donald M. Gindy
A Professional Law Corporation
1880 Century Park East ste 615
Los Angeles, CA 90067

Attorneys for Plaintiff

[ X ]    BY MAIL    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit. The envelop or package was placed in the mail at Los Angeles, California 90067.

[ ]    BY FACSIMILE SERVICE    Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax number(s) above-listed. No error was reported by the fax machine that I used and the record of fax transmission is on file.

[ ]    BY ELECTRONIC TRANSMISSION    I transmitted a PDF version of this document by electronic mail to the party(s) identified on above-listed using the e-mail address (es) indicated.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 4, 2012, Los Angeles, California.

Peter Bronstein
Type or print name                                    Signature

-7-